HARRIET ALDRICH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY WHITEHOUSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JANETTA WHITRIDGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108776, 108777, 108778.    Promulgated February 18, 1943.

*Clyde W. Sorrell, Esq.,* for the petitioners.
*F. S. Gettle, Esq.,* for the respondent.

**OPINION.**

STERNHAGEN, *Judge:* There is no dispute as to the basis to petitioners of the claim and stock and the amounts received by them or the times of receipt. They argue upon the proposition that the amounts were received by them as shareholders of the corporation in distribution of its assets in liquidation, and, as such, were, according to the Revenue Acts of 1936 and 1938, section 115 (c), to be treated as in payment "in exchange for the stock." So treated, they are taxable as capital gains, which are limited to the percentages stated in sections 117 (a) of the 1936 Act and 117 (b) of the 1938 Act. The respondent stands upon the proposition stated in the deficiency notices that the amounts were received by petitioners, not as shareholders, but as creditors, and that

the gain is taxable as ordinary income to the extent that it exceeds the basis, i. e., the value of their interests in the claim against the corporation when they acquired them upon their mother's death.

We think the correctness of the Commissioner's determination is free from doubt. The corporation, although it contemplated dissolution, recognized its indebtedness to the petitioners. On December 10, 1937, petitioners, as all the shareholders, authorized the officers to pay over the assets in payment of the debts. Reciting this authorization of the shareholders and the insufficiency of the assets to pay the claim, the corporation, on December 21, wrote the petitioners for "their approval as creditors" of a proposal to transfer assets in reduction of the indebtedness. This approval was given in writing. Thereupon, in 1937, substantially all the assets were transferred to the Chase National Bank "as agent for the creditors." This was the correct procedure. The creditors had a prior claim on the corporation's assets and normally the claims should be paid before a distribution is made to the shareholders; especially since, as was known to the officers and directors, the assets were less than adequate for the discharge of the debt. This deliberate and normal conduct is not susceptible of characterization as a liquidation distribution to shareholders either by rationalization or reference to any evidence of a liquidation distribution. In both substance and form it was payment on account of debt. Clearly, the payment to creditors is no less so by reason of the fact that dissolution was in contemplation or actually occurred soon thereafter for the corporation had no net assets to distribute. The small amount of remaining cash which was paid to the petitioners as creditors in 1938, after the dissolution, and which exhausted the assets, was also a receipt by them on account of their claim and not a liquidation distribution.

The decision in *T. T. Word Supply Co.*, 41 B. T. A. 965, relied upon by petitioners, appears to be but is not really at variance with what is now held. No question was considered in that case as to whether the amount received by the shareholder was in payment of the corporation's debt to him, on the one hand, or in liquidation of his shares, on the other. The Commissioner had held that the amount was received in liquidation of both the shares and the claim and this was contested on the ground that, because a merger had occurred, no gain was realized. No suggestion was made that, if the gain was taxable to the individual, it was to be taxed as a capital gain and not as ordinary income, and nothing in the opinion purports to consider that proposition. The Board decided, adequately for the purpose of the case, that the corporation's assets were received by Word, who held both the shares and the claims, in liquidation of the shares and claims and not by the

Supply Co. in a statutory reorganization. Since the issue was entirely different, the language of the opinion is not helpful here.

In *Sarah B. McLean Trust*, 44 B. T. A. 820, also relied upon by petitioners, the issue also was entirely different—namely, whether a liquidation distribution received in 1937 was one in a series of liquidation distributions beginning in 1935, or was the first in a new plan. In holding the latter, the Board had no occasion to consider whether the distribution might have been other than a liquidation of shares, as in the case at bar; and nothing said in that opinion throws light on such a hypothetical question.

The reorganization cases (*Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179) can not be regarded as authority for the general proposition that, for present purposes involving no question of statutory reorganization, creditors of an insolvent corporation must be treated as if they were shareholders so that the payment of the debt is a distribution to shareholders.

The Commissioner's determinations as to all the petitioners for both years are sustained.

*Decision will be entered for the respondent.*